United States District Court
Southern District of Texas
Corpus Christi Division

United States District Court
Southern District of Texas
FILED

MAR 10 2000

Michael N. Milby, Clerk

Bill Janecek
Linda Bechtol

vs.

Givens & Clark, Inc.

No. C-00-102

[Jury Requested]

# COMPLAINT

To the Honorable Court:

Bill Janecek and Linda Bechtol respectfully file this complaint against Givens & Clark, Inc.

### Defendant

1. Givens & Clark, Inc. may be served through its president at 2413 Lancaster Avenue, Suite A, Wilmington, Delaware 19805-77337.

### Jurisdiction

2. Federal jurisdiction exists under 28 U.S.C. §1332. Givens & Clark is not incorporated in Texas, and it has its principal place of business Delaware. Amount in controversy exceeds $75,000.

### Facts

3. Defendant has repeatedly called Plaintiffs to collect the alleged debt not actually owed.

4. Defendant has among other things said it was fixing to "take the boxing gloves off."

5. Defendant most recently left a message on Plaintiffs' answering machine stating:

    a)   I'm going to call you ... every day until I get results

    b)   I have your wife's cell number and your work number and your home number

    c)   However or whatever it takes but I'm going to be calling you every day

    d)   If you disconnect or change your numbers, I'll start leaving messages at your neighbor's numbers

    e)   It's your choice we can do this amicably or the hard way

    f)   I get paid to do this.

**Please Listen To** Exhibit A (48 Seconds).

1

6. The alleged creditor (Kerry Riley) is in litigation with Linda Bechtol.

7. He referred this alleged debt not actually owed to Defendant for harassment purposes.

8. Defendant has been informed of this fact and doesn't care.

## Unreasonable Debt Collection

9. Defendant's actions constitute unreasonable debt collection.

10. Plaintiffs have suffered actual damages especially mental anguish.

11. Defendant acted with culpability sufficient for exemplary damages.

12. Defendant has very clearly made a business decision to harass for profit.

13. Exemplary damages should be sufficiently large to financially deter Defendant.

14. Defendant will continue its harassment business absent substantial exemplary damages.

15. Thus, the Court should allow a high ratio of exemplary damages to actual damages.

16. The Texas Statute capping exemplary damages allows at least $200,000.

## Conditions Precedent

17. All conditions precedent have been performed or have occurred.

## Conclusions

18. The Court should grant actual damages and exemplary damages.

19. The Court should grant prejudgment and post-judgment interest.

20. The Court should grant costs.

    **Respectfully Submitted,**

_____
**David A. Sibley**
**Attorney At Law**
P.O. Box 9610
Corpus Christi, Texas 78469-9610
(361) 882-2377 — Telephone
(361) 692-0142 — Telecopier
State Bar No. 18337600
Federal I.D. 10053
ATTORNEY-IN-CHARGE FOR **BILL JANECEK** AND **LINDA BECHTOL**

2